Chuck Hester
James L. Abbott, Jr.
Hester, McGlasson & Cox

1507 Fourth Avenue
Canyon, Texas 79015
(806) 655-1016
(806) 655-3434 (Facsimile)

Attorneys for Plaintiff

Hon. Mary Lou Robinson, Presiding Judge

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN - 3 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

JERRY BAILEY,

    Plaintiff,

vs.

ARMSTRONG COUNTY, TEXAS and,
J.R. WALKER, Armstrong County Sheriff,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

# 2-05CV-001-J

**PLAINTIFF'S ORIGINAL COMPLAINT**

Case No.:

COMES NOW, JERRY BAILEY, Plaintiff herein, and files this, his Plaintiff's Complaint, and for cause of action against Defendants, ARMSTRONG COUNTY, TEXAS, and J.R. WALKER, complains and alleges the following:

1.    **Jurisdiction and Venue.** Plaintiff institutes these proceedings and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1343 to obtain the costs of suit, including reasonable attorney fees, and damages suffered by Plaintiff and caused by Defendant's violation of his rights as guaranteed in the First Amendment to the Constitution of the United States of America and by federal law, 42 U.S.C. §1983.

2. The Court also has jurisdiction of this action under 28 U.S.C. §1331, in that the matter in controversy arises under the First Amendment of the Constitution of the United States of America. Jurisdiction is further conveyed upon this Court by 29 U.S.C.S. §216(b). Plaintiff's state claims are brought in accordance with the Court's supplemental jurisdiction. 28 U.S.C.S. §1367.

3. The violation of Plaintiff's rights as alleged herein was committed within the State of Texas within the Northern District of Texas.

4. **Parties**. Plaintiff, JERRY BAILEY, is a citizen of the United States of America and was at all times relevant herein a resident of the State of Texas.

5. Defendant, ARMSTRONG COUNTY, TEXAS, is a governmental and may be served by serving its County Judge, Honorable Hugh Reed at the Armstrong County Courthouse in Claude, Texas. Defendant, J.R. WALKER, is the duly elected Sheriff of Armstrong County, Texas and was the duly elected Sheriff of Armstrong County, Texas at all times relevant herein and is and at all times relevant herein was a resident of Armstrong County, Texas.

6. At all times relevant herein, Defendant, J.R. WALKER, acted pursuant to the policies, regulations or decisions officially adopted or promulgated by those in the Armstrong County Sheriff's Department whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the Armstrong County Sheriff's Department. Defendant, J.R. WALKER, is a governmental official with final authority to make decisions regarding hiring and firing employees of the Potter County Sheriff's Department. As such, his decisions constitute official policy for purposes of §1983.

7.     Defendants acted under the color of authority of the law of the State of Texas at all times relevant herein.

8.     **Facts**.  Plaintiff, JERRY BAILEY, was employed by the Armstrong County Sheriff's Department (ACSD) from June 25, 2002 to October 29, 2004 as a Law Enforcement Officer or Peace Officer, and was at all relevant times TCLEOSE certified.  During the course of his tenure with the ACSD, Plaintiff was often required to work in excess of the forty (40) hour work week defined under the Fair Labor Standards Act (FLSA), 29 U.S.C. §206, *et. seq.*  During this time, Defendants failed and refused to allow Plaintiff to take Compensatory Time[1] or to pay Plaintiff overtime wages as described and commanded by the FLSA.  In about June of 2004, Plaintiff approached Defendant, J.R. WALKER, with his concerns regarding his due overtime compensation, to no avail.  Plaintiff employed counsel, and on October 25, 2004, Plaintiff presented his demand that Defendants bring themselves into compliance with the FLSA.  The demand was received by Defendants on October 26, 2004.  A copy of the demand is attached hereto as Exhibit "A" and is incorporated herein by reference for all purposes.

9.     Rather than bring themselves into compliance with federal law, Defendant, J.R. WALKER, terminated Plaintiff's employment on October 29, 2004.  Defendants contend that Plaintiff's employment was terminated for "misconduct."  Plaintiff contends that he was terminated three days after his demand for overtime compensation as retaliation for his demands under the FLSA.  Plaintiff's termination was also a violation of the Texas Whistleblower Act and in violation of Plaintiff's First Amendment rights under the United States Constitution.

---

[1]     29 U.S.C.S. §207(o).

### Cause of Action -- One
### Fair Labor Standards Act Violations

10.     Defendants actions are in violation of §207 and §215 of the FLSA. Defendants have failed and refused, and continue to fail and refuse, to properly compensate Plaintiff was overtime work that he performed during the course and in the scope of his employment with the ACSD. Defendants refused to allow Plaintiff Compensatory Time or to pay him overtime for work performed in excess of forty hours per week. When Plaintiff reported this violation of the FLSA, Defendants terminated his employment in violation of §215 of the FLSA. Plaintiff seeks damages for unpaid wages. In addition, Plaintiff seeks an additional amount equal to the unpaid wages as liquidated damages for violation of §207 of the FLSA. In addition, Plaintiff seeks such legal or equitable relief as may be appropriate to effectuate the purposes of §215(a)(3) of the FLSA. In addition, Plaintiff seeks an additional award of reasonable attorney's fees to be paid by Defendants, and costs of this action in accordance with §216 of the FLSA.

### Cause of Action – Two
### Texas Whistleblower Act Violations

11.     Defendants actions further constitute a violation of the Texas Whistleblower Act, Texas Gov't. Code Ann. §§554.01, *et. seq.*, in that the sole reason for Defendants' termination of Plaintiff's employment was his report of violation of law. Plaintiff reported this violation to Defendants in that his attorney made a demand that they comply with the requirements of the FLSA. Three days after this report, Defendant, J.R. WALKER, terminated his employment in retaliation for the report of violation.

12. Plaintiff would show that he is an employee protected from unlawful action by a local governmental entity as those terms are defined in §554.001 TEX. GOVT. CODE (commonly known as the **Texas Whistleblower Act**) and has been subjected to unlawful retaliation in violation of TEX. GOVT. CODE §554.002. Based upon the conduct of Defendants as herein alleged, Plaintiff is entitled to damages as provided by §554.003 TEX. GOVT. CODE including the following:

a. Actual damages resulting from defamation and damage to Plaintiff's reputation and standing in the community in the minimum sum of $500,000.00.

b. Statutory damages as provided by §554.003(c)(4) for mental anguish, loss of enjoyment of life, emotional distress, inconvenience and loss of future income, in the sum of $250,000.00. Defendants acted with malice in bringing about Plaintiff's discharge from employment.

c. Attorney's fees in the minimum sum of $200.00 per hour for the prosecution of this suit through trial and appeal pursuant to §554.003(a)(4); and,

d. Court costs incurred by Plaintiff in this action.

e. Plaintiff is entitled to recover punitive or exemplary damages of at least $1,000,000.00 by reason of the fact that the conduct of Defendants was intentional, malicious and reasonably calculated to inflict, damage, loss and injury upon the Plaintiff. Such exemplary damages should be awarded to deter future acts of retaliation against employees who report illegal activity by agents of governmental entities.

13.    In addition, Plaintiff is entitled to injunctive relief to prohibit further unlawful acts on the part of Armstrong County agents, employees, and elected officials and reinstatement to his former position with compensation for lost wages during the period following wrongful termination and prior to reinstatement. Plaintiff also seeks reinstatement of all employee fringe benefits lost as a result of the unlawful acts of Defendants and compensation for all benefits lost during the period of suspension of his employment.

## Cause of Action – Three
### First Amendment Violations, §1983

14.    The acts of Defendant, J.R. WALKER, subjected Plaintiff to a violation of his Constitutional rights under the First Amendment to the Constitution of the United States of America, and have caused Plaintiff to suffer damages within the jurisdiction limits of this Court. Defendant, J.R. WALKER, committed such violation in that he terminated Plaintiff's employment for the sole reason that Plaintiff had exercised his First Amendment, Freedom of Speech, rights. At the time that Defendant, J.R. WALKER, terminated Plaintiff's employment with the ACSD, he was acting as the policy maker for Armstrong County, Texas and was exercising official policy. Defendant, J.R. WALKER, is an elected official who represents the final authority in his office, and, in such capacity, his action must necessarily be considered to represent official policy.

15.    Plaintiff brings this action under 42 U.S.C. §1983, in that Defendant, J.R. WALKER, while acting under color of law, violated Plaintiff's free speech rights under the First Amendment to the Constitution of the United States of America. The said deprivation of first amendment rights was substantial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this honorable Court:

1. Permanently enjoin Defendant, his agents, assistants, successors, employees, and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to Plaintiff under the Constitution of the United States of America;

2. Grant compensatory damages to Plaintiff;

3. Grant punitive damages to Plaintiff; and,

4. Grant Plaintiff his costs of this action, including reasonable attorney fees.

Respectfully submitted this the 3rd day of January, 2005.

Of Counsel:

Respectfully submitted,

HESTER, McGLASSON & COX
1507 Fourth Avenue
Canyon, Texas 79015
(806) 655-1016
(806) 655-3434 (fax)

JAMES L. ABBOTT, JR.
Texas Bar Number 24006725

ATTORNEYS FOR PLAINTIFF

In accordance with 29 U.S.C.S. §216, I have reviewed the Plaintiff's Original Complaint, and I hereby give my consent to by a party plaintiff hereto.

Jerry Bailey, Plaintiff

# HESTER, McGLASSON & COX
ATTORNEYS AT LAW
1507 FOURTH AVENUE
CANYON, TEXAS 79015
(806) 655-1016
(806) 655-3434 FAX

CHUCK HESTER
DARRELL R. CAREY
JAMES L. ABBOTT, JR.*
LANCE E. PURCELL†

ELTON E. COX (1932-2003)
GENE McGLASSON, JR. (1920-1991)

Sherri Parkhurst, Legal Assistant
Brenda K. Abbott, Legal Assistant

* Member National Organization of Social Security Claimants' Representatives (NOSSCR)
† Licensed in Texas and New Mexico

October 25, 2004

**VIA CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
And One Copy by First Class U.S. Mail

Honorable Hugh Reed
Armstrong County Judge
P. O. Box 189
Claude, Texas 79019-0189

Re:     *Jerry Bailey — Fair Labor Standards Act Claim*

**Privileged Settlement Communication — FED. R. CIV. P. 408**

Dear Judge Reed:

This is to advise you and the Armstrong County Commissioners that we represent Jerry Bailey, a Deputy Sheriff of Armstrong County in regard to a claim under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* It appears that Mr. Bailey was employed by Armstrong County on or about June 25, 2002 and has accrued entitlement to overtime compensation, as determined by the Armstrong County Treasurer, now due in the total sum of $22,721.74, which includes FICA of $1,558.38 and retirement of $792.44. Therefore, the net amount now due and payable to Mr. Bailey is $20,390.92.

We request that Armstrong County pay the overtime compensation which is now due so that this matter may be resolved and settled in an amiable matter. We have recently been advised that the Armstrong County Sheriff has taken adverse personnel action against Mr. Bailey, which we construe as retaliation for Mr. Bailey's report of the violation of the Fair Labor Standards Act and request for overtime compensation. In the event this matter is settled amiably and without the need for litigation, we are prepared, as a compromise and settlement offer at this time, to waive the retaliation cause of action. However, in the event this offer is not accepted within 30 days from the date of this letter, the offer will automatically will become void and of no further force and effect and all claims, including the retaliation claim and the claim for overtime compensation under the Fair Labor Standards Act, will be asserted in the United States District Court for the Northern District of Texas.





Honorable Hugh Reed
Armstrong County Judge
October 25, 2004

We are enclosing herewith the supporting documentation in connection with the overtime compensation claim. If you have any questions or if we can provide further information, please feel free to contact us.

Sincerely,

HESTER, McGLASSON & COX

ORIGINAL SIGNED BY
CHUCK HESTER

Chuck Hester

CH/bka
Enclosure
cc:     Jerry Bailey (w/o Encl.)

7004 0750 0004 0567 9873

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Adcock_ ☐ Agent ☐ Addressee <br> B. Received by ( *Printed Name* ) _June Adcock_ C. Date of Delivery _10-26-04_ |
| 1. Article Addressed to: <br><br> Honorable Hugh Reed <br> Armstrong County Judge <br> P.O. BOX 189 <br> Claude TX 79019-0189 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☐ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)* | 7004 0750 0004 0567 9873 |

JS 44 (Rev 11/04)

# CIVIL COVER SHEET 2-05CV-001-J

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jerry Bailey

## DEFENDANTS

Armstrong County, Texas and
J.R. Walker, Armstrong County Sheriff

**(b)** County of Residence of First Listed Plaintiff  Armstrong
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant  Armstrong
(IN U S PLAINTIFF CASES ONLY)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  (806) 655-1016
James L. Abbott, Jr. and Chuck Hester
Hester, McGlasson & Cox
1507 Fourth Ave, Canyon,Texas 79015

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in Box Only)

- ☐ 1  U S Government Plaintiff
- ☒ 3  Federal Question (U S Government Not a Party)
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
29, U.S.C.S. § 207, 215; 42 U.S.C.S. § 1983; Texas Gov't Code Ann. § 554.01

Brief description of cause
FLSA; Civil Rights; Texas Whistleblower Act Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23

DEMAND $

CHECK YES only if demanded in complaint

JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE                DOCKET NUMBER

DATE  1/3/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

Receipt # 40122